UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUBREY EMIL BASS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07 C 5679 |
| COUNTY OF COOK, COOK COUNTY DEPARTMENT OF CORRECTIONS, SHERIFF TOM DART, DAN HAXTON, OFFICER CRUZ, OFFICER BENJAMIN, OFFICER BRONZE, OFFICER LUCIO, OFFICER PUGH, and SERGEANT JANE DOE, | ) Judge John W. Darrah |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Aubrey Emil Bass, an inmate currently incarcerated at the Pinckneyville Correctional Center, initiated this suit *pro se* in October 2007. By amended complaint, Plaintiff alleges that, on July 12, 2007, Cook County Deputy Sheriff Dan Haxton beat Plaintiff while escorting him from a courtroom in the Maybrook Courthouse to a holding area downstairs. Officers Cruz, Benjamin, Bronze, Lucio, and Pugh allegedly witnessed the beating but did not intervene. All Defendant Officers deny that the occurrence alleged by Plaintiff is true.

Following the incident on July 12, 2007, Plaintiff was charged with committing the offense of aggravated battery of a peace officer. Plaintiff later pleaded guilty to that offense. He completed a four-year sentence for that offense sometime in July 2011.

1

On January 19, 2011, Defendants filed a Motion for Summary Judgment and argued that Plaintiff's suit was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (a § 1983 action for damages is unavailable if success on the suit would render a conviction or sentence invalid, unless and until the conviction has been reversed on direct appeal, expunged by executive order, or declared invalid on *habeas* review). Prior to Plaintiff's filing a response, he completed his imprisonment term for his aggravated battery conviction. Because it was unclear whether *Heck* applied since Plaintiff completed his sentence *(see Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir.1999) (*Heck* did not bar a § 1983 action when a plaintiff could not challenge his conviction through a 28 U.S.C. § 2254 *habeas* petition because he was no longer in custody for the conviction)), this Court requested that Defendants resubmit their summary judgment motion, addressing instead whether collateral estoppel bars Plaintiff's § 1983 action.

Defendants have resubmitted their summary judgment motion, addressing the collateral estoppel issue. Plaintiff has responded. For the following reasons, the Court grants Defendants' Motion for Summary Judgment.

## FEDERAL AND LOCAL RULES FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When determining the existence of a genuine issue of material fact, a court construes facts in a light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (*Celotex*); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

255 (1986) (*Anderson*); *Spath v. Hayes Wheels Int'l-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).

The movant bears the initial burden of demonstrating that there is no genuine issue of material fact and that judgment based upon the uncontested facts is warranted. *Celotex*, 477 U.S. at 325. If the movant meets this burden, the nonmoving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000).

Because Plaintiff is a *pro se* litigant, Defendants served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by N.D. Ill. Local Rule 56.2. (R. 126.) The notice explains the consequences of failing to properly respond to a motion for summary judgment and to a statement of material facts under Fed. R. Civ. P. 56(e) and Local Rule 56.1. (*Id.*) A court may consider to be true any uncontested fact in the movant's Rule 56.1 Statement that is supported by the record and not addressed by the nonmovant. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *see also* Rule 56(e)(2).

In this case, Defendants filed a Statement of Uncontested Material Fact ("SOF"), and Plaintiff has adequately responded. (R. 128, 131.) The parties do not dispute the underlying facts; and, at least for purposes of their summary judgment motion, Defendants concede that Officer Haxton struck Plaintiff and that the other officers refused to intervene.

# FACTS[1]

On July 12, 2007, Plaintiff, a pretrial detainee in custody at the Cook County Department of Corrections, was transported to the courthouse in Maybrook, Illinois, for a preliminary hearing. (R. 128, Defs.' SOF, ¶¶ 4-6; R. 131, Pl.'s SOF, ¶¶ 4-6.) Following the hearing, Plaintiff was escorted to a lockup area downstairs from the courtroom. (Defs.' SOF ¶ 7; Pl.'s SOF ¶ 7.) Plaintiff's hands were handcuffed behind his back. (Defs.' SOF ¶ 8; Pl.'s SOF ¶ 8.) Detective Haxton and Officer Benjamin escorted Plaintiff to the lockup area. (Defs.' SOF ¶ 9; Pl.'s SOF ¶ 9.) Upon arriving at the lockup area, Plaintiff was made to face the wall. Haxton opened the lockup area without uncuffing Plaintiff. (Defs.' SOF ¶ 11; Pl.'s SOF ¶ 11.) While Plaintiff was still handcuffed, Haxton punched Plaintiff's head, causing it to smash against the wall. (Defs.' SOF ¶ 12; Pl.'s SOF ¶ 12.) Haxton hit Plaintiff again by striking his forearm against the back of Plaintiff's neck. (Defs.' SOF ¶ 13; Pl.'s SOF ¶ 13.) Plaintiff fell to the floor. Haxton continued to beat Plaintiff by kicking his upper and lower back, by hitting the back of his head, and by kneeing the back of Plaintiff's neck. (Defs.' SOF ¶¶ 14-15; Pl.'s SOF ¶¶ 14-15.) Plaintiff did not resist, did not disobey

---

[1] Defendants' statement of facts regarding the 7/12/07 incident is based solely on Plaintiff's deposition testimony.

any orders, and did not hit back because he was handcuffed. (Defs.' SOF ¶ 16; Pl.'s SOF ¶ 16.) While he was on the floor, Plaintiff screamed for help. He could see Officers Pugh, Benjamin, Bronze, and Lucio's watching the beating. (Defs.' SOF ¶¶ 18-19; Pl.'s SOF ¶¶ 18-19.) The beating stopped, and Plaintiff was placed in the holding cell. (Defs.' SOF ¶ 20; Pl.'s SOF ¶ 20.) Plaintiff was later taken to Westlake Medical Center, where he was treated for a loose tooth and neck strain, and was given aspirin. (Defs.' SOF ¶ 21; Pl.'s SOF ¶ 21.)

Following the incident, Plaintiff was returned to Maybrook and was charged with aggravated battery of a peace officer. (Defs.' SOF ¶ 23.) The present suit is based on the same incident that led to the charge. (*Id.;* Pl.'s SOF ¶ 23.) On January 29, 2008, Plaintiff pleaded guilty to the charge (Case No. 07 CR 16315). (Defs.' SOF ¶ 24; Pl.'s SOF ¶ 24.) Plaintiff was admonished about the rights he was waiving, and Plaintiff stated that he had not been threatened or intimidated to plead guilty. (Defs.' SOF ¶ 25-26; Pl.'s SOF ¶¶ 25-26.) The state-court judge requested that the prosecutor read the factual basis into the record. (Defs.' SOF ¶ 27; Pl.'s SOF ¶ 27.) The prosecutor stated the following:

> With respect to Case No. 07 CR 16315, if this matter proceeded to trial, the State would call the victim, Officer Daniel Haxton . . . employed as a Cook County Sheriff's Police Department officer, at the Maybrook Courthouse, as well as Quinton Johnson . . . also employed by the Cook County Sheriff's Police Department at the Maybrook Courthouse, who would testify that on July 12, 2007, at approximately 30 minutes after 11:00 o'clock, defendant (the Plaintiff) was in custody on a different case and was being transferred from Room 103 in the courthouse to the lockup when defendant was not handcuffed. The defendant at that point struck Officer Haxton with his elbow in the shoulders screaming obscenities to Officer Haxton. The victim then fell to the ground and sustained injuries to his hand.

> Officer Johnson would similarly be called to corroborate the testimony of Officer Haxton as to the incident.
> Defendant was then arrested and charged accordingly.

(Defs.' SOF ¶ 28; Pl.'s SOF ¶ 28.) Plaintiff's attorney stipulated to the above-stated facts. (Defs.' SOF ¶ 29; Pl.'s SOF ¶ 29.) The state-court judge then asked Plaintiff, "You have heard the factual bas[i]s to support your plea of guilty. Is that what you're pleading guilty to and are you pleading guilty because, in fact, you are guilty?" Plaintiff replied, "Yes." (Defs.' SOF ¶ 30; Pl.'s SOF ¶ 30.) Plaintiff was then sentenced to four years' imprisonment. (Defs.' SOF ¶ 31; Pl.'s SOF ¶ 31.)

Plaintiff now contends that he was "framed" and that he did not voluntarily plead guilty. (Defs.' SOF ¶ 32; Pl.'s SOF ¶ 32.) Plaintiff's guilty-plea conviction and sentence were never reversed or otherwise declared invalid, and they remain valid. (Defs.' SOF ¶ 34; Pl.'s SOF ¶ 34.) Plaintiff's Amended Complaint in this case alleges that "Plaintiff was handcuffed, posing no threat whatsoever to any sheriff(s) or detainee(s)." (R. 11, Amended Compl. at ¶ 13.)

## ANALYSIS

Defendants argue that Plaintiff's guilty-plea conviction bars his current § 1983 claims under the doctrine of collateral estoppel. With respect to a state-court conviction, the state's rules of collateral estoppel determine whether the conviction bars a § 1983 claim. *Brown v. City of Chicago*, 599 F.3d 772, 774 (7th Cir. 2010). Under Illinois's issue preclusion law, a previously litigated issue from a prior proceeding cannot be relitigated "if (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and

(3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Id.* (citing *Herzog v. Lexington Township*, 657 N.E.2d 926, 929-30 (1995); *Am. Family Mut. Ins. Co. v. Savickas*, 739 N.E.2d 445, 449-51 (2000)). Other considerations with whether collateral estoppel applies are whether the plaintiff was denied a full and fair opportunity to litigate the issue in his prior case and whether applying collateral estoppel would be unjust. *See Brown*, 599 F.3d at 775-77.

The second and third elements of Illinois's collateral estoppel doctrine clearly apply as the parties do not dispute that there was a final judgment with Plaintiff's guilty-plea conviction and Plaintiff was a party in the prior adjudication. With respect to whether Plaintiff's excessive-force claim is identical to an issue that was litigated in his state criminal case, "the fact must have been so in issue that it was necessarily decided by the court rendering the prior judgment." *Gauger v. Hendle*, 954 N.E.2d 307, 331 (Ill. App. 2d Dist. 2011). Comparing the facts of Plaintiff's guilty-plea conviction with those alleged in this case, it is clear that the state court decided the issue currently before this Court. Plaintiff pleaded guilty to and the state court determined that Plaintiff "was not handcuffed" when he was being escorted by Haxton and that Plaintiff "struck Officer Haxton with his elbow in the shoulders." (Defs.' SOF ¶ 28.) The parties cannot relitigate whether or not Plaintiff was handcuffed or whether he struck Haxton. Plaintiff's allegations supporting his excessive-force claim – that his hands were cuffed behind his back while he was being escorted, that the beating occurred while he was still handcuffed, and that Plaintiff did not resist or hit Haxton (*id.* at ¶¶ 8-16) – would necessitate relitigating facts already determined by the state criminal court.

In his second response to Defendants' summary judgment motion (though filed after briefing was complete), Plaintiff correctly notes that a conviction does not necessarily bar a § 1983 action challenging certain issues relating to the conviction. (*See* R. 134, Pl.'s Response at 5-6.) In fact, in *Brengettcy v. Horton*, 423 F.3d 674, 683 (7th Cir. 2005), the Seventh Circuit addressed whether a conviction of battery of a peace officer barred a § 1983 claim of excessive force arising from the same incident. *Brengettcy v. Horton*, 423 F.3d 674, 683 (7th Cir. 2005) (*Brengettcy*). The plaintiff in *Brengettcy*, however, alleged that he was beaten after he struck the officer. *Id.* at 677-78. Collateral estoppel did not bar Brengettcy's § 1983 claim because "[t]he question whether [the defendant officer] used excessive force after Brengettcy hit him was not presented or decided during Brengettcy's criminal trial." *Id.* at 683.

The instant case differs from *Brengettcy* as Plaintiff's version of the July 12, 2007 incident and the version stated in the factual basis of his plea cannot coexist. According to Plaintiff's allegations in this case, his hands were cuffed behind his back, and he did not and could not resist or hit Haxton because of the way his hands were cuffed. (R. 11, Amended Compl. ¶ 13; R. 128, Defs.' SOF ¶¶ 8-16 (citing R. 124-6, Pl.'s Depo. p.46-50).) Although Plaintiff acknowledges that he agreed to the factual basis of his plea, he now seeks to "clarif[y] . . . that the factual basis . . . was inadequate because there is no way that a grown man in handcuffs can elbow a full grown man in the shoulder one single time and cause him to fall." (R. 131, Pl.'s SOF ¶ 24.) Plaintiff does not seek to litigate an excessive-force claim separate from the incident to which he pleaded guilty but, rather, seeks to argue that Defendant Haxton made "false criminal charges" to "cover his butt" and that his guilty plea

8

was based upon "fabricated evidence." (*Id.* at ¶ 22; *see also* R. 11, Amended Compl. ¶ 17; *see also* R. 134, Pl.'s Response at 5.) Plaintiff seeks to argue in this court that the July 12, 2007 incident occurred differently than as described at his state court guilty-plea hearing, and he seeks to relitigate the factual basis supporting his plea. This is precisely what collateral estoppel prevents.

A plaintiff "is the master of his ground"; and if he chooses to allege and prosecute his § 1983 claim in such a way to directly contradict the facts supporting his guilty-plea conviction, his claim may be barred. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (barring a § 1983 claim pursuant to *Heck*). Accordingly, Plaintiff's excessive-force claim against Defendant Haxton is barred by collateral estoppel and is dismissed.

The dismissal of the claim against Haxton necessitates the dismissal of the claims that the other officers failed to intervene. In order to establish § 1983 liability based on failure to intervene, a plaintiff must be able to prove that the underlying action constituted excessive force. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) (holding that there could be no failure-to-intervene claim when a prisoner failed to prove an underlying constitutional violation of excessive force); *Peterson v. Meris*, No. 09 C 50120, 2011 WL 3203675, *4 (N.D. Ill. July 27, 2011) (Kapala, J.). Given Plaintiff's inability to establish excessive force by Haxton, he cannot establish that the other officers failed to intervene.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment [123] is granted. The claims of the instant suit must be dismissed. Plaintiff's motion for leave to supplement his memorandum in response to Defendants' summary judgment motion [134] is granted; Defendants' motion to strike that motion and memorandum [135] is denied; and the Court has considered Plaintiff's supplemental memorandum. This case is terminated.

ENTERED: *John W. Darrah*
JOHN W. DARRAH
United States District Court Judge

Date: 1/30/12